IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHANCIE MCMAHAN, individually and as next friend of R.W., a minor, SCOTT HOLCOMBE, individually, Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA, Defendant<br><br>*and*<br><br>CHRISTOPHER WARD, individually and on behalf of the Estates of JOANN WARD and BROOKE WARD, Deceased; and as Next Friend of R.W., A MINOR CHILD<br><br>vs.<br><br>UNITED STATES OF AMERICA, Defendant | NO. 5:19-CV-0972-XR (consolidated with 5:18-cv-00555-XR)<br><br><br><br><br><br><br><br>NO. 5:18-CV-00289-XR (consolidated with 5:18-cv-00555-XR) |

## JOINT FINAL JUDGMENT

Judgment is entered in accordance with the Findings of Fact & Conclusions of Law dated February 7, 2022, by District Judge Xavier Rodriguez,

against the United States and Plaintiffs shall recover from the United States in the amount of:

1. Plaintiff Scott Holcombe is awarded total damages in the amount of **$950,000.00**, which includes:

    a. $100,000.00 for Scott Holcombe's mental anguish sustained in the past for the death of his father, John Bryan Holcombe;

    b. $100,000.00 for Scott Holcombe's mental anguish that, in reasonable probability, he will sustain in the future for the death of his father, John Bryan Holcombe;

    c. $100,000.00 for Scott Holcombe's loss of companionship and society sustained in the past for the death of his father, John Bryan Holcombe;

    d. $100,000.00 for Scott Holcombe's loss of companionship and society that, in reasonable probability, he will sustain in the future for the death of his father, John Bryan Holcombe;

    e. $50,000 for Scott Holcombe's pecuniary loss sustained in the past for the death of his father, John Bryan Holcombe;

    f. $100,000 for Scott Holcombe's pecuniary loss that, in reasonable probability, he will sustain in the future for the death of his father, John Bryan Holcombe;

    g. $100,000 for Scott Holcombe's mental anguish sustained in the past for the death of his mother, Karla Holcombe;

    h. $100,000 for Scott Holcombe's mental anguish that, in reasonable probability, he will sustain in the future for the death of his mother, Karla Holcombe;

      i. $100,000 for Scott Holcombe's loss of companionship and society sustained in the past for the death of his mother, Karla Holcombe; and

      j. $100,000 for Scott Holcombe's loss of companionship and society that, in reasonable probability, he will sustain in the future for the death of his mother, Karla Holcombe.

2. **$12,683,711.76** for R.W., a minor child;[1]

    a. $2,000,000.00 for R.W.'s physical pain and mental anguish sustained in the past;

    b. $2,000,000.00 for R.W.'s physical pain and mental anguish that, in reasonable probability, he will sustain in the future;

    c. $500,000.00 for R.W.'s disfigurement sustained in the past;

    d. $500,000.00 for R.W.'s disfigurement that, in reasonable probability, he will sustain in the future;

    e. $750,000.00 for R.W.'s physical impairment sustained in the past;

    f. $500,000.00 for R.W.'s physical impairment that, in reasonable probability, he will sustain in the future.

---

[1] Of this amount, $259,987.00 represents the present value of reasonable and necessary future medical expenses that will be incurred on behalf of R.W. in the future from the time of trial until R.W. reaches the age of eighteen years; $3,817,726.00 represents the present value of reasonable and necessary future medical expenses he will incur after he reaches the age of 18 years old; also of this amount, $2,081,749.00 represents the present value of future loss of earning capacity that minor R.W. will incur. The Court notes that Chancie McMahan, R.W.'s biological mother, seeks recovery on behalf of R.W. for his injuries and derivative recovery for R.W.'s injuries. Chancie McMahan and Christopher Ward dispute who is the legal guardian of their minor child, R.W. The matter is currently the subject of litigation in Wilson County, Texas. The Court expresses no opinion on this issue.

    g. $2,081,749.00 for R.W.'s loss of earning capacity that, in reasonably probability, will be sustained in the future after R.W. reaches the age of eighteen years;

    h. $274,249.76 for R.W.'s medical care expenses incurred in the past;

    i. $291,873.00 for R.W.'s medical care expenses that, in reasonable probability, will be incurred on behalf of R.W. in the future from the time of trial until R.W. reaches the age of eighteen years; and

    j. $3,785,840.00 for R.W.'s medical care expenses that, in reasonable probability, he will incur after he reaches the age of eighteen years.

3. **$20,000.00** for Chancie McMahan, individually;

    a. $10,000.00 for Chancie McMahan's loss of services sustained in the past; and

    b. $10,000.00 for Chancie McMahan's loss of services that, in reasonable probability, she will incur in the future until R.W. is age eighteen.

4. Plaintiff, Estate of Joann Ward[2] is awarded total damages of **$5,000,000.00**, which includes:

    a. $5,000,000.00 for JoAnn Ward's pain and mental anguish.

5. Plaintiff, Estate of Brooke Ward[3] is awarded total damages of **$5,000,000.00** which includes:

    a. $5,000,000.00 for Brooke Ward's pain and mental anguish.

---

[2] Dalia Lookingbill was Appointed Dependent Administrator of JoAnn Ward's estate on April 6, 2021, in The 218th Judicial District Court of Wilson County, Cause No. CVW2100050, The Estate of JoAnn Ward, a/k/a JoAnn Lookingbill-Ward, Deceased.

[3] The administrator of Brooke Ward's estate has yet to be appointed. That matter is pending in The County Court of Wilson County, Texas, Cause No. PR-08628, The Estate of Brooke Bryann Ward, Deceased.

  6. **$2,100,000.00** to Christopher Ward.

Plaintiffs shall file their bill of costs with this Court within 10 days of entry of this judgment.

Post-judgment interest shall be awarded in accordance with 31 U.S.C. § 1304(b)(1). Such interest shall be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Judgment. 28 U.S.C. § 1961(a). For the week preceding this Judgment, the rate is set at _____ percent.[4]

Pursuant to 28 U.S.C. § 2678, attorney's fees are limited to 25% of the judgment, which the Court finds to be a reasonable fee in this case.

This final judgment disposes of all claims in the above-styled cause.

It is so ORDERED.

SIGNED on this _____ day of _____, 2022.

                  HON. JUDGE XAVIER RODRIGUEZ

---

[4] *See* https://www.federalreserve.gov/releases/h15/; accessed February 22, 2022, showing 1-year Treasury constant maturities for Feb 11, 14-17, which average to 1.09%.